# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH ASHBY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0803 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), with the consent of Defendant Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin"), removed this case to federal court, asserting jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. The case is now before the Court on Plaintiff Keith Ashby's Motion to Remand [Doc. # 7], to which Wells Fargo filed a Response [Doc. # 10]. Plaintiff neither filed a reply nor requested additional time to do so. Having considered the full record and the governing legal authorities, the Court **grants** the Motion to Remand.

## I. BACKGROUND

Patricia and John Ashby entered into an Adjustable Rate Note in October 1993. *See* Note, Exh. A to Response. In connection with the loan, Patricia and John Ashby executed a Deed of Trust. *See id.*

Plaintiff filed this lawsuit in Texas state court alleging that Defendants improperly initiated foreclosure proceedings against his parents' property. Wells Fargo, with Barrett Daffin's consent, removed the case alleging federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Wells Fargo argues that non-diverse Defendant Barrett Daffin has been improperly joined and, as a result, its Texas citizenship should not be considered for diversity jurisdiction purposes. Plaintiff filed a timely Motion to Remand, which has been fully briefed and is now ripe for decision.

## II.   LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants assert that Barrett Daffin was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Where the showing that there is no reasonable basis to predict that state law would allow recovery against the non-diverse defendant is on a basis that would necessarily demonstrate the same result for the diverse defendant, "there is no improper joinder; there is only a lawsuit lacking in merit." *Smallwood*, 385 F.3d at 574 (citing *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 153 (1914)). Therefore, if the basis for finding that there is no reasonable basis for Plaintiff to recover against the non-diverse defendant is equally dispositive of all defendants rather than of the non-diverse defendant alone, a removing defendant has not satisfied its heavy burden to demonstrate improper joinder. *Id.* at 575.

### III.   ANALYSIS

Plaintiff filed this lawsuit in Texas state against Wells Fargo and Barrett Daffin asserting breach of contract and Texas Finance Code claims.  Plaintiff alleges specifically that Defendants could not initiate foreclosure proceedings against the property until it reviewed Plaintiff for non-foreclosure alternatives such as Home Affordable Modification Program ("HAMP") and Home Affordable Foreclosure Alternatives ("HAFA").

In this case, Plaintiff is not the borrower.  He is not a party to the Promissory Note or the Deed of Trust.  Although Plaintiff alleges that he inherited the property when his parents died, there is no allegation or evidence that he requested or obtained

Wells Fargo's written consent to assume the loan or that he has been substituted in Wells Fargo's records as a party to the Promissory Note or the Deed of Trust. Consequently, there is no contractual relationship between Plaintiff and Defendants, and there is nothing in the record before the Court to indicate that Defendants owe duties under the Texas Finance Code to Plaintiff as a non-borrower, non-party to the mortgage. As a result, Plaintiff has no standing to assert the claims against either Wells Fargo or Barrett Daffin. Because the same reason Defendants argue Plaintiff has no possibility of recovering against Barrett Daffin in state court applies equally to Wells Fargo, Barrett Daffin was not improperly joined. *See id.*

### IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Barrett Daffin was not improperly joined. Barrett Daffin and Plaintiff are both citizens of Texas and, as a result, there is no diversity of citizenship for purposes of subject matter jurisdiction. It is, therefore, hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 10] is **GRANTED** and this case will be **REMANDED** by separate order to the 334th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, this 18<u>th</u> day of **May, 2012**.

_____
Nancy F. Atlas
United States District Judge